Michael Faillace [MF-8436
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
MARTIN ESPINOZA and MARTIN
BALDERAS JUAREZ, *individually and on*                    **COMPLAINT**
*behalf of others similarly situated,*

                             *Plaintiffs*,                      **ECF Case**

              -against-

DELISH BRANDS INC. (d/b/a
FIRECRACKER WINGS), GANDHI SUYOG
and VINAI PUYJARA,

                             *Defendants.*
--------------------------------------------------------X

        Plaintiffs Martin Espinoza and Martin Balderas Juarez, (collectively, "Plaintiffs"), by and

through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief,

and as against Delish Brands Inc. (d/b/a Firecracker Wings), ("Defendant Corporation"), Gandhi

Suyog and Vinai Puyjara ("Individual Defendants"), (collectively, "Defendants"), allege as

follows:

<u>**NATURE OF ACTION**</u>

        1.      Plaintiffs are former employees of Defendants Delish Brands Inc. (d/b/a Firecracker

Wings), Gandhi Suyog and Vinai Puyjara.

        2.       Defendants own, operate, or control a fast-food restaurant, located at 300 E. 61st St.,

New York, NY 10065 under the name "Firecracker Wings."

3.    Upon information and belief, Defendants Gandhi Suyog and Vinai Puyjara serve or served as owners, managers, principals or agents of Defendant Corporation and through this corporate entity operate or operated the fast-food restaurant. Plaintiffs were employed as a cook and a delivery worker at the restaurant located at 300 E. 61st St., New York, NY 10065.

4.    Plaintiff Balderas was ostensibly employed as a delivery worker. However, he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to preparing food and cooking (hereafter the "non-tipped duties").

5.    At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that they worked.

6.    Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.    Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

8.    Furthermore, Defendants repeatedly failed to pay Plaintiffs wages on a timely basis.

9.    Defendants employed and accounted for Plaintiff Balderas as a delivery worker in their payroll, but in actuality his duties required a significant amount of time spent performing the non-tipped duties alleged above.

10.    Regardless, at all relevant times, Defendants paid Plaintiff Balderas at a rate that was lower than the required tip-credit rate.

11.    However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Balderas's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

12.    Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Balderas's actual duties in payroll records by designating him as a delivery worker instead of a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Balderas at the minimum wage rate and enabled them to pay him at a rate that was below the tip-credit rate.

13.    In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Balderas's tips and made unlawful deductions from Plaintiff Balderas's wages.

14.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

15.    Plaintiffs now bring this action on behalf of themselves, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

## JURISDICTION AND VENUE

16.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

17. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a fast-food restaurant located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

*Plaintiffs*

18. Plaintiff Martin Espinoza ("Plaintiff Espinoza" or "Mr. Espinoza") is an adult individual residing in Queens County, New York. Plaintiff Espinoza was employed by Defendants at Firecracker Wings from approximately November 12, 2022 until on or about December 21, 2025.

19. Plaintiff Martin Balderas Juarez ("Plaintiff Balderas" or "Mr. Balderas") is an adult individual residing in Queens County, New York. Plaintiff Balderas was employed by Defendants at Firecracker Wings from approximately April 15, 2021 until on or about December 23, 2025.

20. Plaintiffs consent to being party Plaintiffs pursuant to 29 U.S.C. § 216(b), and bring these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

21. At all relevant times, Defendants own, operate, or control a fast-food restaurant, located at 300 E. 61st St., New York, NY 10065 under the name "Firecracker Wings."

22. Upon information and belief, Delish Brands Inc. (d/b/a Firecracker Wings) is a domestic corporation organized and existing under the laws of the State of New York. Upon

- 4 -

information and belief, it maintains its principal place of business at 300 E. 61st St., New York, NY 10065.

23.    Defendant Gandhi Suyog is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Gandhi Suyog is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Gandhi Suyog possessed operational controls over Defendant Corporation, an ownership interest in Defendant Corporation, and controlled significant functions of Defendant Corporation. He determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

24.    Defendant Vinai Puyjara is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Vinai Puyjara is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Vinai Puyjara possessed operational controls over Defendant Corporation, an ownership interest in Defendant Corporation, and controlled significant functions of Defendant Corporation. He determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

25.    Defendants operate a fast-food restaurant located in the Upper East Side neighborhood in New York City.

26. Individual Defendants, Gandi Suyog, and Vinai Puyjara, possess operational control over Defendant Corporation, possess ownership interest in Defendant Corporation, and control significant functions of Defendant Corporation.

27. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

28. Each Defendant possessed substantial controls over Plaintiffs' working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, referred to herein.

29. Defendants jointly employed Plaintiffs and are Plaintiffs' employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

30. In the alternative, Defendants constitute a single employer of Plaintiffs.

31. Upon information and belief, Individual Defendants Gandi Suyog, and Vinai Puyjara operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

    a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

    b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c) transferring assets and debts freely as between all Defendants,

    d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f) intermingling assets and debts of their own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

32. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

33. In each year from 2021 to 2025, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

34. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

35. Plaintiffs are former employees of Defendants who were employed as a cook and a delivery worker.

36. However, Plaintiff Balderas, who ostensibly was employed as a delivery worker, spent over 20% of his time performing the non-tipped duties stated above.

37. Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Martin Espinoza*

38.    Plaintiff Espinoza was employed by Defendants from approximately November 12, 2022 until on or about December 21, 2025.

39.    Defendants employed Plaintiff Espinoza as a cook.

40.    Plaintiff Espinoza regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

41.    Plaintiff Espinoza's work duties required neither discretion nor independent judgment.

42.    Throughout his employment with Defendants, Plaintiff Espinoza regularly worked in excess of 40 hours per week.

43.    From approximately November 12, 2022 until on or about January 2023, Plaintiff Espinoza worked from approximately 5:00 p.m. until on or about 11:00 p.m., Sundays through Fridays (typically 36 hours per week).

44.    From approximately February 2023 until on or about December 21, 2025, Plaintiff Espinoza worked from approximately 12:00 p.m. until on or about 11:00 p.m., Mondays, Wednesdays, Thursdays, Fridays and Sundays and from approximately 10 a.m. until on or about 11:00 p.m. on Saturdays (typically 68 hours per week).

45.    Throughout his employment, Defendants paid Plaintiff Espinoza his wages by check.

46.    From approximately November 12, 2022 until on or about December 2022, Defendants paid Plaintiff Espinoza $16.00 per hour.

47.    From approximately January 2023 until on or about December 21, 2025, Defendants paid Plaintiff Espinoza $17.00 per hour.

48.     Plaintiff Espinoza's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

49.     Specifically, Defendants regularly required Plaintiff Espinoza to start work two hours prior to his scheduled start time at least twice a month, and did not pay him for the additional time he worked.

50.     Defendants delayed the payment of Plaintiff Espinoza's paychecks for five weeks.

51.     Specifically, on December 21, 2025, Defendant Pujara refused to pay Plaintiff Espinoza five outstanding paychecks for approximately $9,700.

52.     Defendants never granted Plaintiff Espinoza any breaks or meal periods of any kind.

53.     Plaintiff Espinoza was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

54.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Espinoza regarding overtime and wages under the FLSA and NYLL.

55.     Defendants did not provide Plaintiff Espinoza an accurate statement of wages, as required by NYLL 195(3).

56.     Defendants did not give any notice to Plaintiff Espinoza, in English and in Spanish (Plaintiff Espinoza's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

57.     As a result of Defendants' failure to provide Plaintiff Espinoza with a Notice of Pay Rate or accurate Wage Statements with each payment of wages, he was prevented from: (i) comparing his rate of pay to his hours worked; (ii) realizing that he was underpaid; and (iii) advocating for himself and/or taking appropriate action to obtain the payments due to him.

58.     Defendants required Plaintiff Espinoza to purchase "tools of the trade" with his own funds—including two large knives and one small knife.

*Plaintiff Martin Balderas Juarez*

59.     Plaintiff Balderas was employed by Defendants from approximately April 15, 2021 until on or about December 23, 2025.

60.     Defendants ostensibly employed Plaintiff Balderas as a delivery worker.

61.     However, Plaintiff Balderas was also required to spend a significant portion of his work day performing the non-tipped duties described above.

62.     Although Plaintiff Balderas ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

63.     Plaintiff Balderas regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

64.     Plaintiff Balderas's work duties required neither discretion nor independent judgment.

65.     Throughout his employment with Defendants, Plaintiff Balderas regularly worked in excess of 40 hours per week.

66.     From approximately April 15, 2021 until on or about November 2022, Plaintiff Balderas worked from approximately 10:00 a.m. until on or about 11:00 p.m., seven days a week (typically 91 hours per week).

67.     From approximately December 2022 until on or about December 23, 2025, Plaintiff Balderas worked from approximately 10:00 a.m. until on or about 5:00 p.m., five days a week and from approximately 10:00 a.m. until on or about 11:00 p.m. on Tuesdays (typically 48 hours per week).

68. Throughout his employment, Defendants paid Plaintiff Balderas his wages by check.

69. From approximately April 15, 2021 until on or about November 2022, Defendants paid Plaintiff Balderas $15.00 per hour.

70. From approximately November 2022 until on or about December 23, 2025, Defendants paid Plaintiff Balderas $17.00 per hour for the hours he worked as a cook and $9.00 per hour for the hours he worked as a delivery worker.

71. Plaintiff Baldera's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

72. Specifically, Defendants regularly required Plaintiff Balderas to start work two hours prior to his scheduled start time at least twice a month, and did not pay him for the additional time he worked.

73. Defendants did not pay Plaintiff Balderas any paychecks from July 2025 until December 23 2025.

74. Specifically, on December 23, 2025 Defendant Pujara refused to pay Plaintiff Balderas six months of outstanding paychecks.

75. Defendants never granted Plaintiff Balderas any breaks or meal periods of any kind.

76. Plaintiff Balderas was never notified by Defendants that his tips were being included as an offset for wages.

77. Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Balderas's wages.

78.    Defendants withheld a portion of Plaintiff Balderas's tips; specifically, every time Plaintiff Balderas made a large delivery, Defendant Pujara withheld approximately 80% of Plaintiff Balderas's tips.

79.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Balderas regarding overtime and wages under the FLSA and NYLL.

80.    Defendants did not provide Plaintiff Balderas an accurate statement of wages, as required by NYLL 195(3).

81.    Defendants did not give any notice to Plaintiff Balderas, in English and in Spanish (Plaintiff Balderas's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

82.    As a result of Defendants' failure to provide Plaintiff Balderas with a Notice of Pay Rate or accurate Wage Statements with each payment of wages, he was prevented from: (i) comparing his rate of pay to his hours worked; (ii) realizing that he was underpaid; and (iii) advocating for himself and/or taking appropriate action to obtain the payments due to him.

83.    Defendants required Plaintiff Balderas to purchase "tools of the trade" with his own funds—including an electric bicycle, a non-electric bicycle, a helmet, 4 sets of breaks per year, four sets of two wheels, two sets of batteries and repair and maintenance every month.

*Defendants' General Employment Practices*

84.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs to work in excess of 40 hours a week without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

85.    Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

86.    Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

87.    Defendants required Plaintiff Balderas to perform general non-tipped tasks in addition to his primary duties as a delivery worker.

88.    Plaintiff Balderas was ostensibly employed as a tipped employee by Defendants, although his actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

89.    Plaintiff Balderas's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

90.    Plaintiff Balderas was paid at a rate that was lower than the tip-credit rate by Defendants.

91.    However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Balderas's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

92.    New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal

regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

93.    In violation of federal and state law as codified above, Defendants classified Plaintiff Balderas as a tipped employee, and paid him at a rate that was lower than the tip-credit rate when they should have classified him as a non-tipped employee and paid him at the minimum wage rate.

94.    Defendants failed to inform Plaintiff Balderas, who received tips, that Defendants intended to take a deduction against Plaintiff Balderas's earned wages for tip income, as required by the NYLL before any deduction may be taken.

95.    Defendants failed to inform Plaintiff Balderas who received tips, that his tips were being credited towards the payment of the minimum wage.

96.    Defendants failed to maintain a record of tips earned by Plaintiff Balderas who worked as a delivery worker for the tips he received.

97.    As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Balderas, who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving Plaintiff Balderas of a portion of the tips earned during the course of employment.

98.    Defendants unlawfully misappropriated charges purported to be gratuities received by Plaintiff Balderas, in violation of New York Labor Law § 196-d (2007).

99.    Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive or forgo the tip credit and pay them the full hourly minimum wage.

100.    Defendants refused to pay Plaintiff Espinoza five outstanding paychecks and Plaintiff Balderas for a period of six months.

101.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

102.    Defendants paid Plaintiffs their wages by check.

103.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs worked, and to avoid paying Plaintiffs properly for their full hours worked.

104.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

105.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs.

106.    Defendants failed to provide Plaintiffs with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

107.    Defendants failed to provide Plaintiffs, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the Plaintiffs' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage,

including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

108.    As a result of Defendants' failure to provide Plaintiffs and other employees a Notice of Pay Rate or accurate wage statements with each payment of their wages, Plaintiffs and other employees were prevented from: (i) comparing their rate of pay to their hours worked; (ii) realizing that they were underpaid; and (iii) advocating for themselves and/or taking appropriate action to obtain the payments due to them.

**FLSA COLLECTIVE ACTION CLAIMS**

109.    Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

110.    At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA.

111.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

112.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

113.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

114.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

115.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

116.    Defendants failed to pay Plaintiffs at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

117.    Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

118.    Plaintiffs were damaged in an amount to be determined at trial.

### SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

119.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

120.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

121. Defendants' failure to pay Plaintiffs, overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

122. Plaintiffs were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

123. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

124. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

125. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

126. Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

127. Plaintiffs were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

128. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

129. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

130.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

131.    Plaintiffs were damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**

**OF THE NEW YORK COMMISSIONER OF LABOR**

132.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

133.    Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq.* and 12 N.Y.C.R.R. §§ 146-1.6.

134.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

135.    Plaintiffs were damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**

**VIOLATION OF THE NOTICE AND RECORDKEEPING**

**REQUIREMENTS OF THE NEW YORK LABOR LAW**

136.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

137.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal

- 19 -

place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

138. As a result of Defendants' failure to furnish an accurate wage notice to Plaintiffs, Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 195.

139. Defendants are liable to each Plaintiff in the amount of $5000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

140. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

141. With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

142. As a result of Defendants' failure to furnish accurate statements to Plaintiffs, Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia,

143. Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

**EIGHTH CAUSE OF ACTION**

**RECOVERY OF EQUIPMENT COSTS**

144.   Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

145.   Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

146.   Plaintiffs were damaged in an amount to be determined at trial.

**NINTH CAUSE OF ACTION**

**UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION**

**OF THE NEW YORK LABOR LAW**

147.   Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

148.   At all relevant times, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

149.   New York State Labor Law § 196-d prohibits any employer or his agents, including owner and manager, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

150.   Defendants unlawfully misappropriated a portion of Plaintiff Balderas's tips that were received from customers.

151.   Defendants knowingly and intentionally retained a portion of Plaintiff Balderas's tips in violations of the NYLL and supporting Department of Labor Regulations. Plaintiff Balderas was damaged in an amount to be determined at trial.

**TENTH CAUSE OF ACTION**

**VIOLATION OF THE TIMELY PAYMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

152. Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

153. Defendants did not pay Plaintiffs on a regular weekly basis, in violation of NYLL §191.

154. Defendants are liable to each Plaintiff in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs;

(f)     Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA;

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs;

(k)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiffs;

(l)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(m)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiffs;

(n)     Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(o)     Awarding Plaintiffs damages for Defendants' violation of the NYLL timeliness, notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)     Awarding Plaintiffs pre-judgment and post-judgment interest as applicable;

(r)     Awarding Plaintiffs the expenses incurred in this action, including costs and attorneys' fees;

(s)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)     All such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
        January 15, 2026

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     /s/ Michael Faillace
        Michael Faillace [MF-8436]
        60 East 42nd Street, Suite 4510
        New York, New York 10165
        Telephone: (212) 317-1200
        Facsimile: (212) 317-1620
        *Attorneys for Plaintiffs*

- 24 -

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

_____

Dec 30, 2025

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    MARTIN BALDERAS JUAREZ

Legal Representative / Abogado:    Michael Faillace & Associates P.C.

Signature / Firma: _____

Date / Fecha:    Dec 30, 2025 _____

_Certified as a minority-owned business in the State of New York_

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Dec 30, 2025

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                      MARTIN ESPINOZA

Legal Representative / Abogado:     Michael Faillace & Associates P.C.

Signature / Firma:

Date / Fecha:                       Dec 30, 2025

*Certified as a minority-owned business in the State of New York*